IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORLANDO WILLIAMS ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> FRANKLIN J. TENNIS, Superintendent; ) <br> LAWRENCE F. MURRAY, PBPP Secretary; and ) <br> PA. STATE ATTORNEY GENERAL; ) <br> ) <br> Respondents. ) | Civil Action No. 06-1541 <br> Judge Terrence F. McVerry/ <br> Magistrate Judge Amy Reynolds Hay |

REPORT AND RECOMMENDATION

RECOMMENDATION

It is respectfully recommended that this habeas petition filed pursuant to 28 U.S.C. § 2254 be dismissed and that a certificate of appealability be denied.

REPORT

Orlando Williams ("Petitioner") is a state prisone, who was convicted of, inter alia, rape and indecent assault. He is proceeding pro se and he seeks habeas relief against the Pennsylvania Board of Probation and Parole ("Board"). He alleges that the Board retroactively applied the Act of 2000, Dec. 20, P.L. 721, No. 98, § 2, ("Act 2000-98"), as codified at 42 Pa.C.S.A. § 9718.1.[1]

---

[1] Section 8718.1 provides in full as follows:

(a) General rule.--A person, including an offender designated as a "sexually violent predator" as defined in section 9792 (relating to definitions), shall attend and participate in a Department of Corrections program of counseling or therapy designed for incarcerated sex offenders if the person is incarcerated in a State institution for any of the following provisions under 18 Pa.C.S. (relating to crimes and offenses):
    (1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses) if
(continued...)

---

[1](...continued)

       the offense involved a minor under 18 years of age.
       (2) Section 4304 (relating to endangering welfare of children) if the offense involved sexual contact with the victim.
       (3) Section 6301 (relating to corruption of minors) if the offense involved sexual contact with the victim.
       (4) Open lewdness, as defined in section 5901 (relating to open lewdness), if the offense involved a minor under 18 years of age.
       (5) Prostitution, as defined in section 5902 (relating to prostitution and related offenses), if the offense involved a minor under 18 years of age.
       (6) Obscene and other sexual materials and performances, as defined in section 5903 (relating to obscene and other sexual materials and performances), if the offense involved a minor under 18 years of age.
       (7) Sexual abuse of children, as defined in section 6312 (relating to sexual abuse of children).
       (8) Section 6318 (relating to unlawful contact with minor).
       (9) Section 6320 (relating to sexual exploitation of children).
       (10) Section 4302 (relating to incest) if the offense involved a minor under 18 years of age.
       (11) An attempt or solicitation to commit any of the offenses listed in this subsection.

(b) Eligibility for parole.--For an offender required to participate in the program under subsection (a), all of the following apply:
       (1) The offender shall not be eligible for parole unless the offender has:
              (i) served the minimum term of imprisonment;
              (ii) participated in the program under subsection (a); and
              (iii) agreed to comply with any special conditions of parole imposed for therapy or counseling for sex offenders, including sexually violent predators.
       (2) Notwithstanding paragraph (1)(iii), an offender who is a sexually violent predator is subject to section 9799.4 (relating to counseling of sexually violent predators).

(c) Department.--The department shall develop and provide the program of counseling or therapy for offenders as provided in subsection (a). The department shall have the sole discretion with respect to counseling or therapy program contents and administration, including the scheduling of an offender's attendance and participation.

(d) No right of action created.--Notwithstanding any other provision of law to the contrary, this section shall not be construed to confer any legal right upon any individual, including an individual required to participate in the department's programs of counseling or therapy for incarcerated offenders, seeking to:
       (1) participate and attend the program provided in subsection (a) at a time of the individual's own choosing;
       (2) modify the contents of the program provided in subsection (a);

(continued...)

Act 2000-98 essentially required all sex offenders to participate in sex offenders treatment programs while incarcerated.  Section 3 of Act 2000-98 provided: "This act shall apply as follows: '(1) The amendment of 18 Pa.C.S. §§ 2902, 2903 and 5903(h)(2) and the addition of 42 Pa.C.S. § 9718.1 shall apply to offenses committed on or after the effective date of this act.'"  The effective date of the Act was December 20, 2000.   Petitioner committed his crimes in January 1999 and was arrested in March 1999.  Dkt. [1] at 16.  However, Section 3 of Act 2000-98  also provided that  "The addition of 42 Pa.C.S. § 9718.1 shall not preclude consideration of the factors set forth in that section in granting or denying parole for offenses committed before the effective date of this act, except to the extent that consideration of such factors is precluded by the Constitution of the United States or the Constitution of the Commonwealth of Pennsylvania."

Before the court for its consideration are the habeas petition, Dkt. [1], the answer, Dkt. [6] and Petitioner's traverse.  Dkt. [7].

Petitioner makes two arguments.  First, he complains that the Board retroactively applied the standards of Act 2000-98 to him in violation of the ex post facto clause in the Board's March 24, 2006 denial of parole.  Secondly, he argues that the Board's March 24, 2006 notice of action in denying him parole violated due process because the notice was vague and ambiguous in the reasons given for denying Petitioner parole.

---

[1](...continued)
> (3) be paroled; or
> (4) file any other cause of action in any court regarding the program provided in subsection (a).

Respondents argue, *inter alia*, that Petitioner failed to exhaust his state court remedies with respect to both claims. Petitioner concedes that he did not exhaust his state court remedies with respect to either claim. Dkt. 1 at 11, ¶ 13(b). However, he contends that because the state courts have consistently rebuffed any ex post facto arguments similar to the one he makes herein, it would have been futile to have attempted to exhaust. Id., at 15. Such argument might excuse his failure to exhaust his ex post facto claim but it does absolutely nothing to excuse his failure to exhaust his second claim regarding the claimed due process violation for alleged vagueness in the Board's notice of action. The court assumes that there is an available state court remedy for Petitioner's second claim,[2] and hence, Petitioner could have and should have exhausted that claim. However, even if there were not an available state court remedy for Petitioner's second claim, this petition is clearly a mixed petition,[3] given that there is definitely a state court remedy for the ex post facto claim and as explained below, Petitioner has not exhausted that claim.

---

[2] See, e.g., Smythe v. Ward, No. CIV. A. 00-0909, 2001 WL 1132223, at *3 (E.D. Pa. Sept. 19, 2001)("the Pennsylvania Supreme Court did squarely hold in Coady [v. Vaughn, 770 A.2d 287, 290 (Pa. 2001)] that mandamus is available to a prisoner seeking to mount a constitutional challenge to a parole denial."). Here, Petitioner is mounting a constitutional challenge to the Board's March 24, 2006 denial of parole, namely, the notice violated due process because it was vague and ambiguous. Even if Petitioner were successful on this claim, the most he would be entitled to by way of relief would be for the Board to remedy the vagueness. Romanoski v. Sullivan, NO. 91 C 8113, 1992 WL 346417, at *10 n.8 (N.D.Ill., Nov. 19, 1992)("The plaintiff appears to be arguing that this dictates reversal of the secretary's decision. The court notes that even if plaintiff's position is correct, and the Secretary's decision is so vague or so inarticulate in its reasoning as to make meaningful judicial review impossible, the proper remedy would not be reversal but, rather, a remand of the claim for clarification of the ALJ's rationale."). Cf. U.S. v. Consuelo-Gonzalez, 521 F.2d 259, 269 n.1 (9th Cir. 1975)(Wright, J., dissenting)("Where a probationer found a condition unduly vague, his ordinary remedy would be to petition the sentencing court for a modification or clarification of the condition, rather than for its wholesale invalidation.").

[3] A mixed petition is one where Petitioner presents both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 520 (1982).

In light of the fact that this is a mixed petition, the general rule is that it should be dismissed as such.  See, e.g., Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001), wherein the Court of Appeals was faced with a similar situation.  In that case, the state petitioner therein raised an ex post facto challenge to the Board's denial of parole.  The Court of Appeals affirmed the District Court's determination that the ex post facto challenge had not been exhausted and dismissed the petition as a mixed petition pursuant to Rose v. Lundy, 455 U.S. 509 (1982). Coady v. Vaughn, 251 F.3d at 489 ("It necessarily follows that Coady's was at least a 'mixed petition' and that the District Court properly dismissed that petition for failure to exhaust.  Rose v. Lundy, 455 U.S. at 510.").   Likewise here, it is uncontested that the remedy of mandamus was available to Petitioner and that he did not pursue that remedy at least as to the ex post facto claim.

However, the court must address Petitioner's argument that because the State courts have rejected similar or identical ex post facto claims in the past, it would be futile to exhaust and so the exhaustion requirement is excused in this case.  Petitioner's argument has been specifically rejected by the Court of Appeals for the Third Circuit.  Parker v. Kelchner, 429 F.3d 58, 61 (3d Cir. 2005).

In Parker, the district court granted relief to a petitioner who challenged the Board's denial of parole on ex post facto grounds.  The district court reached the merits of the claim only after finding that exhaustion was excused due to the futility of raising an ex post facto claim in the Pennsylvania courts.  The Court of Appeals reversed, and dismissed the petition, finding that the lower court committed error by excusing exhaustion of an ex post facto claim.  "[S]tate courts

5

should have been given the opportunity to review [a petitioner's] ex post facto claim ...." 429 F.3d at 64.   The Parker court explained its rationale as follows:

> he [i.e., Parker, the habeas petitioner] argues that the state's highest court has repeatedly denied claims identical to his own on the merits. He argues that the futility doctrine should be extended to cases such as his where there appears to be no possibility of success on the merits of his claim in state court.
> 
> To answer the question whether the futility of a claim on the merits renders that claim exhausted, we begin with the Supreme Court's decision in Engle v. Isaac, 456 U.S. 107 (1982).  In that case, the Court addressed the question--analogous to the question presented in this case--whether a petitioner who had procedurally defaulted a claim in state court could prove "cause" to excuse his default if his claim would have been futile on the merits in state court. 456 U.S. at 130; see also Minter v. Beck, 230 F.3d 663, 666 (4th Cir. 2000) (applying Engle to question whether failure to present claim in state court because of inability to obtain "successful result" in state court was grounds for excusing failure to exhaust claim).
> 
> The habeas petitioners in Engle had forfeited their objection to a jury instruction by failing to object to the instruction at trial. Id. at 112- 17. Addressing the question whether the petitioners' failure to raise their claim in state court before raising the claim in their federal habeas petitions rendered the claim unexhausted, the Court stated:
>> "We note at the outset that the futility of presenting an objection to the state courts cannot alone constitute cause for a failure to object at trial. If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may  decide, upon reflection, that the contention is valid."
> 
> Id. at 130. The Court went on to state that futility on the merits did not constitute cause for failure to raise a claim in state court merely when the claim "was unacceptable to that particular court at that particular time." Id. at n. 35 (citations and quotation marks omitted).
> 
> Our sister Circuits that have considered the issue have similarly concluded that the exhaustion requirement is not excused merely because a petitioner's claim will likely be denied on the merits in state court. See Jones, 329 F.3d at 295 ("[T]he fact that the [state court] may have been unlikely to grant habeas relief on his [constitutional claim] does not cure his failure to have raised it in state courts."); Minter, 230 F.3d at 666 (refusing to excuse failure to raise claim in state court, observing that while effort to obtain state court relief may have been

>"incapable of producing a successful result, the effort [of raising the claim in state court] was still possible"); Scott v. Mitchell, 209 F.3d 854, 871 (6th Cir. 2000) (observing that Supreme Court has rejected argument that claim's futility on the merits excuses failure to raise claim in state court); White v. Peters, 990 F.2d 338, 342 (7th Cir. 1993) ("Federal-state comity demands that a habeas petitioner first give the state courts an opportunity to pass on his federal claims, even if those courts would be expected to view such claims unfavorably."); Roberts v. Arave, 847 F.2d 528, 530 (9th Cir. 1988) (concluding that "apparent futility" of presenting claims in state court did not excuse failure to do so); Waldrop v. Jones, 77 F.3d 1308, 1315 (11th Cir. 1996) (declining to excuse failure to exhaust claims in state court; "[e]ven if it was unlikely that [petitioner's] claim would have been well-received in state court, [petitioner] should have presented it").

Id., at 62 - 63.

Just as in Parker, the same result necessarily applies here with respect to Petitioner's similar ex post facto claim. In fact, in an ex post facto challenge to the very same statute that Petitioner challenges herein, namely 42 Pa. Cons.Stat. § 9718.1, the Court held that the petitioner therein had an available state remedy, i.e., mandamus, and that the remedy was not futile and so the habeas petitioner had to have presented the claim to the state courts pursuant to Parker. Thomas v. Pennsylvania Bd. of Probation & Parole, NO. CIV.A. 3:05-00032, 2006 WL 1520620 (M.D.Pa. April 14, 2006). This court agrees with the Middle District Court in Thomas. Available state court remedies have not been exhausted with respect to the ex post facto challenge. Parker teaches that such claims must be dismissed absent exhaustion of available state court remedies.

Petitioner does cite to Lynce v. Mathis, 519 U.S. 433, 436 n.4 (1997), for the proposition that where the state courts have rejected a particular claim, it would be futile for a habeas petitioner to be required to exhaust that particular claim. Dkt. [1] at 15. The Court in Lynce, stated in a footnote that

7

> Petitioner did not advance his ex post facto claim in state court. In the District Court respondents challenged his failure to exhaust his state remedies, but do not appear to have raised the exhaustion issue in the Court of Appeals; nor have they raised it in this Court. Presumably they are satisfied, as we are, that exhaustion would have been futile.

Lynce, 519 U.S. at 436, n4.

While this statement may lend some support to the Petitioner's theory of futility, this court is unpersuaded for several reasons.  First, the statement by Lynce is classical *obiter dicta*, (unsurprisingly so, given that one does not normally expect the holding of a case to be found in footnotes) as is made clear in the statement itself, when the Court acknowledges that the respondents did not raise an argument about exhaustion, and therefore, the issue of exhaustion was waived,[4] and consequently, it was not argued before the High Court and was not necessary for the High Court to reach the exhaustion issue as the sole question presented to the Court and decided by the Court was whether a Florida statute violated the ex post facto clause.   Second, the Supreme Court's holding in Engle, as quoted above in Parker, seemingly runs counter to Lynce. Lynce failed to even acknowledge Engle or mention it.  As between the holding of Engle and the dicta of Lynce, this court considers itself bound by Engle and, if not by Engle, then by Parker. See Parker, 429 F.3d at 63 (Lynce "did not dispute the reasoning adopted in Engle that a habeas petitioner could not 'bypass' the state courts on and claim exhaustion on the ground that his claim would be been denied there on the merits.").  Accordingly, Petitioner's futility argument

---

[4] It appears that the petitioner in Parker filed his habeas petition prior to the enactment of AEDPA. Lynce, 519 U.S. at 436 ("In 1994 petitioner filed a petition for a writ of habeas corpus alleging that the retroactive cancellation of provisional credits violated the Ex Post Facto Clause."). Hence, AEDPA's requirement that exhaustion be specifically and expressly waived was not applicable in Parker.  28 U.S.C. §2254(b)(3).

with respect to the ex post facto claim is unconvincing and foreclosed by Parker. See also Wareham v. Stowitzky, Civ. A. 05-5023, 2007 WL 666692, at *6, n.3 (E.D.Pa. Feb. 26, 2007)("To the extent that petitioner invokes the futility doctrine as an excuse for his failure to exhaust this ex post facto claim, petitioner's argument is squarely foreclosed by Parker. See Parker, 429 F.3d at 64; see also *Thomas*, 2006 WL 2789841 at *1 (*Parker* dispositive); *Simmons*, 192 Fed. App'x at 182 (same); *Bornheimer*, 183 Fed. App'x at 218 (same).").[5]

Being that it was not futile to have presented the ex post facto claim to state courts, Petitioner had to exhaust this claim. Having admitted that he did not, Petitioner has clearly failed to exhaust his state court remedies with respect to the ex post facto claim. It may be that Petitioner has also failed to exhaust his state court remedies with respect to the due process vagueness challenge, assuming that there is an available state court remedy. In any event, even if there is not a state court remedy for the due process vagueness challenge, this is a mixed petition given the incontrovertible reality that Petitioner failed to exhaust the ex post facto claim. Given

---

[5] In his traverse, Petitioner argues that exhaustion should be excused if "circumstances exist that render such [state court] process ineffective to protect the rights" of the habeas applicant. Dkt. [7] at 1 (citing, Lines v. Larkins, 208 F.3d 153, 162 (3d Cir. 2000). To the extent that this is an argument different from Petitioner's futility argument, it too has been rejected. See Simmons v. Pennsylvania Bd. of Probation and Parole, 192 Fed.Appx. 181 (3d Cir. 2006) (wherein the court had granted a certificate of appealability and, in the order doing so directed that "[i]n their briefs, the parties shall address whether exhaustion of state court remedies may be excused as futile based on the Pennsylvania Supreme Court's unfavorable rulings on claims alleging that the application of the post-1996 Pennsylvania Parole Act standards violates the Ex Post Facto Clause. See Lines v. Larkins, 208 F.3d 153, 162 (3d Cir. 2000)."). After the briefs were filed, the Court of Appeals held that Parker was dispositive of the claim raised in Simmons, a claim that the Board violated the ex post facto clause and, inferentially, that Lines did not compel a different result. Likewise here, Parker is dispositive of the claim that "circumstances exist that render such [state process as a mandamus petition] ineffective to protect the rights of" Petitioner, assuming that such an argument is distinct from the argument of futility.

the teaching of Rose v. Lundy, this petition should be dismissed as a mixed petition, albeit without prejudice for his failure to exhaust his state court remedies.[6]

It is unclear whether Petitioner may yet bring this ex post facto claim, as well as the due process vagueness claim in state court.  See, e.g, Simmons v. Pennsylvania Bd. of Probation and Parole, 192 Fed.Appx. 181 (3d Cir. 2006)("[i]f the federal court is uncertain how a state court would resolve a procedural default issue, it should dismiss the petition for failure to exhaust state remedies even if it is unlikely that the state court would consider the merits to ensure that, in the interests of comity and federalism, state courts are given every opportunity to address claims arising from state proceedings.")(quoting  Lines v. Larkins, 208 F.3d 153, 163 (3d Cir.2000)).

---

[6] The court is not unaware of the AEDPA statute of limitations issue that dismissal without prejudice potentially raises.  See, e.g., Rhines v. Weber, 544 U.S. 269 (2005).  In Rhines, the court acknowledged that District Courts have discretion to stay and abey mixed petitions to avoid statute of limitations problems and set forth certain considerations for staying and abeying petitions that, as filed, were determined to be mixed petitions.  Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005) ("'[I]f the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics,' then the district court likely 'should stay, rather than dismiss, the mixed petition'")(quoting the syllabus in Rhines, 544 U.S. at 269).  Here, it does not appear to be the case that Petitioner had good cause for failing to exhaust, given that Parker was decided on November 8, 2005 and clearly foreclosed Petitioner's futility argument and put him on notice that he should exhaust his state court remedies with respect to the Board's decision that was rendered on March 24, 2006.  Moreover, Petitioner's unexhausted ex post facto claim also does not appear to be potentially meritorious.  This is so for two reasons.  First, as argued by the Respondents, there is a lack of evidence that the Board even applied Act 2000-98 to Petitioner.  Secondly, the Board's consideration of whether Petitioner completed sex offender treatment, was a valid consideration for the Board, long before the enactment of Act 2000-98 so, even if the Board had applied Act 2000-98 to Petitioner,  Petitioner has not shown that he was personally disadvantaged by such application, given that his failure to complete such programing would have been a valid reason to deny Petitioner parole even before the enactment of Act 2000-98 and so, he would have likely been denied parole under the pre Act 2000-98 law.  See, e.g., Inmates of the Pennsylvania Dept. of Corrections v. Corbett, 484 F.Supp.2d 359, 367 (E.D.Pa. 2007)("Plaintiff has not put forth evidence based on the Parole Guidelines (or similar evidence) that an inmate in her position-a convicted rapist who has not participated in sex-offender treatment-would likely have been paroled pre-1996.").  Neither does Petitioner's vagueness claim appear potentially meritorious.   Hence, in exercising its discretion, the District Court should not stay and abey this case.

Simmons held that it is not clear under state law that the six month limitations period of 42 Pa.C.S.A. §5522(b)(1) applies to mandamus petitions filed in the context of a parole applicant challenging the Board's denial of parole via mandamus. Accord Bornheimer v. Pennsylvania Board of Probation and Parole, 183 Fed. Appx. 216, 218 (3d Cir. 2006). If Petitioner attempts to go back and exhaust his state court remedies and the state courts hold that he is procedurally barred from doing so for some state law reason, then to the extent such state law reason is regularly and consistently applied, and independent of any federal law ground, Petitioner may well have procedurally defaulted the claims. That question of procedural default though remains for another day.

Accordingly, it is recommended that this case be dismissed without prejudice as a mixed petition for failure to exhaust at least one, if not both, of his claims.

### *Certificate of Appealability*

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000). In Slack v. McDaniel, the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. at 484.  Hence, the analysis as to whether a certificate of appealability should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Walker v. Government of the Virgin Islands, 230 F.3d at 90.  The test is conjunctive and both prongs must be met. See id.  Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether dismissal of the petition based upon Petitioner's failure to exhaust was correct.  Accordingly, a certificate of appealability should be denied.  Because of this conclusion, the court does not need to reach the other prong of the Slack v. McDaniel test, i.e., whether Petitioner has made a substantial showing of a denial of a constitutional right.

CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

    Respectfully submitted,

    /s/  Amy Reynolds Hay
    United States Magistrate Judge

Dated: 28 September, 2007

cc: The Honorable Terrence F. McVerry
United States District Judge

Orlando Williams
FA-6782
SCI Rockview
Box A
Bellefonte, PA 16823-0820

Tracey A. Wilson by Notice of Electronic Filing