IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ORLANDO WILLIAMS | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1541 |
| | ) | Judge Terrence F. McVerry/ |
| FRANKLIN J. TENNIS, Superintendent; | ) | Magistrate Judge Amy Reynolds Hay |
| LAWRENCE F. MURRAY, PBPP Secretary; and | ) | |
| PA. STATE ATTORNEY GENERAL; | ) | |
| | ) | |
| Respondents. | ) | |

## **MEMORANDUM ORDER**

The above-captioned habeas petition was received by the Clerk of Court on November 17, 2006, and was referred to United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The Magistrate Judge's Report and Recommendation, Dkt. [8], filed on September 28, 2007, recommended that the Petition for Writ of Habeas Corpus be dismissed as a mixed petition, and that a certificate of appealability be denied. Service was made on the Petitioner at SCI Rockview, Box A , Bellefonte, PA 16823-0820, and on counsel of record for the Respondents. The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C.§ 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, that they had ten (10) days to file any objections. After being granted an extension of time in which to file his objections, Petitioner filed objections. Dkt. [11].

Petitioner raised two issues in his habeas petition: (1) the Board retroactively applied a statute to him to deny his parole in violation of the ex post facto clause and (2) the Board's denial

of parole was unconstitutionally vague in violation of substantive due process.[1] The Respondents had argued that Petitioner failed to exhaust both claims. Petitioner conceded that he failed to exhaust either claim but argued that it would have been futile to exhaust the ex post facto claim because the Pennsylvania State Courts consistently reject such claims. The Report noted that this futility argument only addressed the ex post facto claim but did not address the vagueness claim and so Petitioner's own arguments established that this was a mixed petition because at the least, there is one claim that is concededly unexhausted, i.e., the vagueness claim, and there is no excuse for such failure. Accordingly, the Report recommended dismissal of the petition as a mixed petition.

In his objections, Petitioner withdraws the vagueness claim. Dkt. [11] at 2 ("PETITIONER WILLINGLY WITHDRAWS HIS DUE PROCESS CLAIM SO THAT HIS PETITION WILL NOT BE A MIXED PETITION. . . .").

Petitioner's withdrawal is unavailing to him. In the course of determining that this was a mixed petition, the Report reasoned that even if there were not a state court remedy for the vagueness claim, and so no exhaustion would have been required as to that claim, there was clearly a state court remedy for the ex post facto claim and because the ex post facto claim was unexhausted, the petition was mixed (i.e., containing both an unexhausted claim, which is the ex post facto claim and a claim that was assumed to have been exhausted, which is the vagueness claim).

---

[1] Because Petitioner has no liberty interest in obtaining parole, the only due process claim he could have is a substantive due process claim, i.e., a vague notice of reasons for denying parole violates his rights to fundamental fairness.

Even if now, the petition is not mixed because Petitioner has withdrawn the assumedly exhausted claim, i.e., the vagueness claim, this does nothing to refute the Report's determination that the ex post facto claim was not exhausted. Hence, it would be proper to dismiss the petition for raising a claim that is not exhausted.

Petitioner does attempt to argue that his conceded failure to exhaust his ex post facto claim should be excused due to futility. However, the Report correctly relied upon the principles announced in Parker v. Kelchner, 429 F.3d 58, 61 (3d Cir. 2005) and its progeny to reject such a futility argument. Petitioner's attempt to distinguish Parker is unpersuasive. Petitioner notes that whereas in Parker, the Third Circuit Court observed the fact that the Pennsylvania State Courts exhibited a willingness to revisit the issue raised in Parker, in Petitioner's case there does not appear to be such willingness. There are several problems with this argument. One is that there must be a first case in which the State Courts exhibit a willingness to revisit an issue, if federal courts excused exhaustion in cases such as Petitioner's, there is a decreased incentive for criminal defendants to present such claims in state court and hence, a decreased chance afforded to the state courts to ever exhibit such willingness to revisit an issue.

Second, and more importantly, the Court of Appeals noted the state courts' willingness to revisit the issue, but only did so in response to Judge Weis's concurrence in DeFoy v. McCullough, 393 F.3d 439, 448 (3d Cir.2005). The Third Circuit Court in Parker simply declared that the situation that Judge Weiss had written about in his concurrence was not necessarily present in the Parker case; the situation being, likely futility on the merits (i.e., the state courts would likely reject the claim). Notwithstanding this, the Parker court then went on to hold as follows: "[w]e agree with our sister Circuits and hold here that likely futility on the merits (even if it were present here) in state court of a petitioner's habeas claim does not render

3

that claim 'exhausted' within the meaning of § 2254(b)(1)(A) so as to excuse the petitioner's failure to exhaust that claim by presenting it in state court before asserting in a federal habeas petition." That holding is equally applicable here. Petitioner's argument that it is likely futile for him to present his ex post facto claim and hence exhaustion should be excused is **clearly** foreclosed by Parker.

     **AND NOW**, this 12th day of December, 2007;

     **IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED**.

     **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

     **IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. [8]) of Magistrate Judge Amy Reynolds Hay, dated September 28, 2007, is adopted as the opinion of the court as supplemented by this memorandum order.

     s/ Terence F. McVerry
     United States District Court Judge


cc: The Honorable Amy Reynolds Hay
   United States Magistrate Judge

   Orlando Williams
   FA-6782
   SCI Rockview
   Box A
   Bellefonte, PA 16823-0820

   Tracey A. Wilson
   Email: twilson@attorneygeneral.gov